IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL LUIS SANTIAGO,

Plaintiff

v.                                                          CIVIL 09-2111 (JA)

IRIS M. SANTIAGO,

Defendant

OPINION AND ORDER

This matter is before the court on "Urgent Motion to Dismiss Under Rule 12(b)(6)" filed by the defendant, Iris M. Santiago. (Docket No. 37.) An "Opposition to Motion to Dismiss" was filed by plaintiff, Angel Luis Santiago. (Docket No. 44.) The defendant filed a "Reply to Opposition to Urgent Motion to Dismiss." (Docket No. 47.) For the reasons set forth below, the defendant's motion to dismiss is hereby GRANTED.

I. BACKGROUND

On October 29, 2009, plaintiff filed a complaint against the defendant for breach of contract, collection of monies, and tort damages. (Docket No. 1.) In the complaint, plaintiff alleges that he and the defendant agreed to place a portion of his retirement savings in an investment account at Merrill Lynch in Puerto Rico. (Id. at 2, ¶ 5.) The account, according to plaintiff, was opened in the defendant's name. (Id.) Plaintiff claims that as part of the agreement, whenever he needed

CIVIL 09-2111 (JA)                                    2

money, the defendant would prepare a request authorizing Merrill Lynch to withdraw the money and surrender the funds to him. (Id.) Plaintiff claims that between 2008 and 2009, $105,000 was withdrawn from the investment account. (Id.)  In 2009 plaintiff allegedly requested the defendant to withdraw the remaining balance (approximately $100,021) because the account was losing money. (Id. at 3, ¶ 6.)  Plaintiff claims that to his surprise the funds were transferred to the defendant in North Carolina. (Id.)  Plaintiff claims that despite his countless requests the defendant has not complied with the agreement and has refused to return the funds. (Id. ¶ 7.)  Thus, plaintiff requests that the court order the defendant to return the moneys owed ($100,021) plus accrued interest. (Id. at 4.)  Plaintiff also alleges that he was defamed by the defendant. (Id. at 3, ¶ 8.)  According to the plaintiff, the defendant contacted a law firm that had previously defended him in a criminal case and told them that he was a violent person and that she would only pay his bill in exchange for information on the whereabouts of his parole officer. (Id. & Docket No. 31, at 17-18.)  Plaintiff claims that the same defamatory comments were made by the defendant to his parole officer. (Id.)  He  alleges that as a result of the defendant's conduct, he suffered a great deal of emotional distress, mental anguish and loss off income. (Docket No. 1, at 3, ¶ 8.)  Thus, plaintiff requests an award of $250,000 for

CIVIL 09-2111 (JA)                                      3

mental suffering, $250,000 in compensatory damages and $250,000 in punitive damages. (Id. at 4.)

On June 24, 2010, the defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 37, at 1.) The defendant requests the court to dismiss the complaint because plaintiff does not have a legal right to request the reimbursement of monies and damages for the alleged breach of contract. (Id. at 6, ¶ 14.) She claims that the alleged contract between the defendant and her is illegal because it was made with purpose of defrauding creditors. (Id. at 1, ¶ 1.) Specifically, the defendant claims that in the "Proposed Pretrial Order" filed on June 23, 2010, (Docket No. 31), plaintiff stated that the purpose of the contract was to protect his assets from his creditors. (Docket No. 37, at 1, ¶ 1.) Thus, the defendant argues that because the object of the contract is illegal the court cannot validate it. (Id. at 4, ¶ 7.)

On June 30, 2010, the defendant's motion to dismiss was opposed by plaintiff. (Docket No. 44.) Plaintiff argues that the defendant lacks standing to allege that the contract is illegal because she is not a creditor. (Id. at 1, ¶ 1 & at 2, ¶ 2.) However, plaintiff claims that, assuming the defendant has standing, the contract would have to be rescinded and the money would have to be returned to him. (Id. at 2, ¶ 2.) Plaintiff also argues that the defendant's theory is not on point because she is requesting that the complaint, which contains another cause

CIVIL 09-2111 (JA)                                    4

of action, be dismissed without any proof or a hearing.  (Id. at 3, ¶ 6.) Furthermore, according to plaintiff the defendant failed to provide any evidence that would prove that the contract was made to operate as a fraud against creditors.  (Id. ¶ 7.)

On July 8, 2010, the defendant filed a reply to plaintiff's opposition to the motion to dismiss.  (Docket No. 47.)  The defendant argues that she can attack the contract because its legality has been put in question.  (Id. at 2, ¶ 3.) Additionally, the defendant claims that she does not have to prove plaintiff's legal theory because he admitted that the contract was illegal since it was made with the purpose of defrauding his creditors.  (Id. at 3, ¶ 5.)  Finally, the defendant argues that plaintiff has acted with obstinacy and temerity and requests that he be sanctioned and ordered to pay cost and attorney's fees.  (Id. at 4, ¶ 9.)

## II.  STANDARD OF REVIEW

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief. . . . This short and plain statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Medina v. Toledo, ___ F. Supp. 2d ___ , 2010 WL 2404448, at *5 (D.P.R. June 9, 2010) (quoting Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009)).

CIVIL 09-2111 (JA)                          5

"Under Rules 12(b)(1) and 12(b)(6), a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction or for failure to state a claim upon which relief can be granted." Benítez-Navarro v. González-Aponte, 660 F. Supp. 2d 185, 188 (D.P.R. 2009) (citing Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6)).  A motion to dismiss brought under Rule 12(b)(1) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). Cintrón-Luna v. Román-Bultrón, 668 F. Supp. 2d 315, 316 (D.P.R. 2009). "In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege 'a plausible entitlement to relief.'" Martínez-Díaz v. Doe, 683 F. Supp. 2d 171, 173 (D.P.R. 2010) (quoting Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting Bell Atl. Corp. Twombly, 550 U.S. at 559)). When ruling on a motion to dismiss the "court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor." S.E.C. v. Binette, 679 F. Supp. 2d 153, 158 (D. Mass. 2010) (citing Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008)). Although "Twombly does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible." Quirós v. Muñoz, 670 F. Supp. 2d 130, 131 (D.P.R. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570). "Accordingly, in order to avoid dismissal, the plaintiff must provide the

CIVIL 09-2111 (JA)                              6

grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level.'" Maldonado-Concepción v. Puerto Rico, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010) (quoting Bell Atl. Corp. v. Twombly 550 U.S. at 555).

"In Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937 (2009), the Supreme Court upheld Twombly and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion." Camacho-Torres v. Betancourt-Vázquez, ___ F. Supp. 2d ___, 2010 WL 2756555, at *3 (D.P.R. July 13, 2010) (citing Ashcroft v. Iqbal, 129 S. Ct. at 1949-50). "The First Circuit has recently relied on these two principles as outlined by the Court." Jiménez-González v. Álvarez-Rubio, 683 F. Supp. 2d 177, 181 (D.P.R. 2010). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility." Camacho-Torres v.

CIVIL 09-2111 (JA) 7

Betancourt-Vázquez, ___ F. Supp. 2d ___, 2010 WL 2756555, at *3 (citing Ashcroft v. Iqbal, 129 S. Ct. at 1950). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ortiz-Skerrett v. Rey Enter., Inc., 692 F. Supp. 2d 201, 203 (D.P.R. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. at 1949) (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Jaundoo v. Clarke, 690 F. Supp. 2d 20, 33 (D. Mass. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Camacho-Torres v. Betancourt-Vázquez, ___ F. Supp. 2d ___, 2010 WL 2756555, at* 3 (quoting Ashcroft v. Iqbal, 129 S. Ct. at 1950) (quoting Fed. R. Civ. P. 8(a)(2)). "Furthermore, such inferences must be at least as plausible as any 'obvious alternative explanation.'" Martínez-Díaz v. Doe, 683 F. Supp. 2d at 174 (quoting Ashcroft v. Iqbal, 129 S. Ct. at 1950-51) (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 567).

III. ANALYSIS

A. Breach of Contract Claim

CIVIL 09-2111 (JA)                               8

Under the law of Puerto Rico, "[o]bligations are created by law, by contracts, by quasi contracts, and by illicit acts and omissions or by those in which any kind of fault or negligence occurs." CMI Capital Mkt. Inv., LLC v. Municipality of Bayamón, 410 F. Supp. 2d 61, 68 (D.P.R. 2006) (quoting Art. 1042 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 2992 (1990)). "To properly assert a claim for breach of contract, a party must sufficiently allege (1) a valid contract, (2) breach of that contract, and (3) resulting damages." TC Inv., Corp. v. Becker, ___ F. Supp. 2d ___, 2010 WL 2593525, at *7 (D.P.R. June 28, 2010) (quoting First Med. Health Plan, Inc. v. Carmark PCS Caribbean, Inc., 681 F. Supp. 2d 111, 116 (D.P.R. 2010)).

A contract is valid when it is "not contrary to law, morals, or public order." Colón v. Blades, ___ F. Supp. 2d ___, 2010 WL 2365448, at *9 (D.P.R. June 15, 2010) (quoting Soc. de Gananciales v. Vélez & Asoc., 145 D.P.R. 508, 516-17 (1998) (citing Puerto Rico Civil Code § 1207 (P.R. Laws Ann. tit. 31, § 3372 (1990)). A verbal contract much like a written contract is valid and enforceable. Colón v. Blades, 570 F. Supp. 2d 204, 210 n.7 (D.P.R. 2008) (citing Morales v. Hosp. Hermanos Meléndez, Inc., 447 F. Supp. 2d 137, 142 (D.P.R. 2006)). Therefore, a contract regardless of its type "has three elements: consent, a definite (and legal) object, and consideration." Citibank Global Mkts., Inc. v. Rodríguez-Santana, 573 F.3d 17, 24 (1st Cir. 2009); see also Muñiz-Olivari v.

CIVIL 09-2111 (JA)                              9

Stiefel Lab., Inc., 496 F.3d 29, 35 (1st Cir. 2007).  "Consent is shown by the concurrence of the offer and acceptance of the thing and the cause which are to constitute the contract."  Marrero-García v. Irizarry, 33 F.3d 117, 122 (1st Cir. 1994) (citing P.R. Laws Ann. tit. 31, § 3401).  The object of the contract on the other hand includes "[a]ll things, even future ones, which are not out of the commerce of man . . ." and "[a]ll services not contrary to law or to good morals . . . ."  P.R. Laws Ann. tit. 31, § 3421; see also Bianchi-Montana v. Crucci-Silva, ___ F. Supp. 2d ___ , 2010 WL 2640628, at *6 (D.P.R. June 30, 2010).  Similarly, consideration "encompasses almost any motivation a person might have for entering into a binding agreement."  P.R. Elec. Power Auth. v. Action Refund, 483 F. Supp. 2d 153, 158 (D.P.R. 2007)  (citing Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B., 954 F. Supp. 438, 449 (D.P.R. 1996)).  Thus, "[i]n order for a contract to have valid consideration, the contract must be a bargained-for exchange in which there is a legal detriment of the promise or a corresponding benefit to the promisor."  P.R. Elec. Power Auth. v. Action Refund, 472 F. Supp. 2d 133, 137-38 (D.P.R. 2006) (citing Neuhoff v. Marvin Lumber & Cedar Co., 370 F.3d 197, 201 (1st Cir. 2004)).  "A contract is made upon a 'consideration' when something is done, foreborne, suffered, or undertaken by one party at the request of another, which is made the foundation of the promise of that other."  P.R. Elec. Power Auth. v. Action Refund, 472 F. Supp. 2d at 137-38 (citing Sir William

CIVIL 09-2111 (JA)                    10

Markby, Elements of Law, 307-317 (6th ed. 1905)).  A contract "without consideration or with an illicit one [has] no effect whatsoever.  A consideration is illicit when it is contrary to law and good morals." P.R. Laws Ann. tit. 31, § 3432; see also P.R. Elec. Power Auth. v. Action Refund, 472 F. Supp. 2d at 138.

The defendant alleges that the contract with plaintiff is illegal for lack of consideration, or for illicit consideration.  (Docket No. 37, at 4, ¶ 7.)  According to plaintiff, the contract is not valid because it was made with the purpose of defrauding plaintiff's creditors.  (Id. ¶ 8.)  Contracts, like the one at issue in this case, where a party "alienates property without valuable consideration are presumed to be executed in fraud of creditors." Simcox v. San Juan Shipyard, Inc., 754 F.2d 430, 442 (1st Cir. 1985) (citing P.R. Laws Ann. tit. 31, § 3498 (1969)).  Under Puerto Rico law this type of act is illegal and subjects a contract to rescission. McCulloch v. Malavé-Vélez, 380 F. Supp. 2d 46, 51 (D.P.R. 2005); see United States v. García, 532 F. Supp. 325, 333 (D.P.R. 1981) (holding that conveyance of property by the defendant without legal consideration executed to defraud legitimate creditors is null and void).  Although plaintiff is correct that neither him nor the defendant are debtors and creditors within the meaning of Article 1249 of the Puerto Rico Civil Code, I find that the defendant does not lack standing to allege that the contract was made in fraud of creditors.  See Rasa Eng. Corp. v. Daubon, 86 D.P.R. 193, 198-99 (1962); Serra v. Salesian Soc'y, 84

CIVIL 09-2111 (JA)                              11

D.P.R. 322, 334-35 (1961); <u>Pagán v. Sucn. Padilla</u>, 42 D.P.R. 968, 1931 WL 5118, at *5 (1931); <u>cf.</u> <u>Kellogg USA v. Fernández Hermanos, Inc.</u>, 2010 WL 376326, at *16 (D.P.R. Jan. 27, 2010) (citing P.R. Laws Ann. tit. 31, § 3498). I would be persuaded by plaintiff's argument if the defendant were seeking to set aside or rescind the agreement between them. However, that is not the case. The defendant is merely trying to prevent that the contract be enforced. <u>See</u> <u>Harris v. Runnels</u>, 53 U.S. (12 How.) 79, 86 (1851) (holding that when a plaintiff seeks to enforce an illegal contract, the defendant may in order to prevent it show both the turpitude of himself and the plaintiff); <u>see also</u> <u>Roberts v. Criss</u>, 266 F. 296, 301 (2d Cir. 1920) (holding that "[t]he defense of illegality may be set up, not as a protection to defendant, but as a disability in the plaintiff"). Therefore, the question is whether or not the consideration for the contract was illicit.

   Plaintiff argues that since the defendant is alleging that the contract was made in fraud of creditors she must state with particularity the circumstances constituting said fraud. (Docket No. 44, at 3, ¶¶ 7 & 8.) The defendant contends that plaintiff's legal theory proves that the contract was made with the purpose of defrauding creditors. (Docket No. 47, at 3, ¶ 5.) I agree. In the Proposed Pretrial Order plaintiff stated "that [his] business . . . was in economic difficulty and [he] feared that the principal might collect through an attachment of his principal residence." (Docket No. 31, at 2.) Plaintiff also stated that the purpose

CIVIL 09-2111 (JA)                              12

of the agreement "was to protect [his] assets from his creditors." (Id. at 11.) "Federal Rule of Civil Procedure 16(d) states that the pretrial order 'controls the course of the action.'" Miranda v. Empresas Díaz Massó, Inc., ___ F. Supp. 2d ___, 2010 WL 1233563, at *18 (D.P.R. March 30, 2010). Accordingly, "[p]re-trial stipulations of fact are binding against the party that makes them." Gaztambide-Barbosa v. Torres-Gaztambide, 776 F. Supp. 52, 58 (D.P.R. 1991) (citing Geremia v. First Nat. Bank of Boston, 653 F.2d 1, 5 (1st Cir. 1981)). "The Court of Appeals has also made it clear that once a stipulation is made in a civil suit, the parties are 'not generally free to extricate themselves from those stipulations.'" Yanovitch v. United States, 985 F. Supp. 17, 19 (D. Mass. 1997) (quoting TI Fed. Credit Union v. DelBonis, 72 F.3d 921, 928 (1st Cir. 1995)). Plaintiff's admissions clearly show that the consideration for the contract was illicit since it was made in order to defraud creditors. See also Oscanyan v. Arms Co., 103 U.S. (13 Otto) 261, 268 (1880) (holding that "[w]henever the illegality appears, whether the evidence comes from one side or the other, the disclosure is fatal to the case"). It is well settled that "where the contract grows immediately out of, and is connected with, an illegal or immoral act, a Court of justice will not lend its aid to enforce it." Armstrong v. Toler, 24 U.S. (11 Wheat.) 258, 261 (1826) (emphasis omitted); see also De Jesús-González v. A.C., 148 D.P.R. 255, 266-67 (1999). Therefore, "[a]s a general rule, the law leaves the parties . . . where it finds them, and

CIVIL 09-2111 (JA)                         13

affords relief to neither." Whitfield v. United States, 92 U.S. (2 Otto) 165, 169-70 (1875); see also St. Louis, V. & T.H.R. Co. v. Terre Haute & I.R. Co., 145 U.S. 393, 407 (1892) (holding that "neither party to an illegal contract will be aided by the court, whether to enforce it, or to set it aside").  Based on the foregoing, I find that plaintiff has failed to state a claim upon which relief can be granted. Therefore, plaintiff's breach of contract claim must be dismissed with prejudice. As such, plaintiff is not entitled to any damages that might arise as a result of the alleged breach of contract (*ex contractu* damage).  See King v. TL Dallas & Co., 270 F. Supp. 2d 262, 268-69 (D.P.R. 2003); see also Ramos-Lozada v. Orientalist Rattan Furniture Inc., 130 D.P.R. 712 (1992).

   B.  Defamation Claim

   Plaintiff argues that the complaint cannot be dismissed based on the defendant's theory that the contract is illegal because the complaint contains a claim for defamation that is independent to the breach of contract claim. (Docket No. 44, at 3, ¶ 6.)  In the complaint plaintiff alleges that the defendant defamed him when he told his parole officer and former attorneys in a criminal case that he was a violent person.  (Docket No. 1, at 3, ¶ 8 & Docket No 31, at 17-18.) Plaintiff claims that as a result of the defendant's actions he has suffered damages.  (Id.)

CIVIL 09-2111 (JA)                            14

"In Puerto Rico the tort of defamation can be either intentional or negligent, depending on whether the defamed is a private or public figure, and can come in the form of slander or libel."  Segarra-Jiménez v. Banco Popular, Inc., 421 F. Supp. 2d 452, 458 (D.P.R. 2006).  "Libel is defamation that comes in the written form."  Id. (citing Sociedad de Ganaciales v. El Vocero de P.R., 135 D.P.R. 122, 126 (1994)).  "Slander, on the other hand, takes place when the defamation is oral and, as with libel, all other elements of the defamation claim must be present."  Segarra-Jiménez v. Banco Popular, Inc., 421 F. Supp. 2d at 458 (citing Ojeda v. El Vocero de P.R., 137 D.P.R. 315, 326 (1994)).  "[B]oth libel and slander constitute defamation, or the infringement in the interest of reputation by means of a communication 'which tends to hold the plaintiff up to hatred, contempt or ridicule, or to cause him to be shunned or avoided.'"  Rodríguez v. Clark Color Lab., 732 F. Supp. 279, 283 (D.P.R. 1990) (quoting Vargas v. Royal Bank of Canada, 604 F. Supp. 1036, 1042 (D.P.R. 1985) (citing, W.L. Prosser, Handbook of the Law of Torts § 111 (1971)).

"Puerto Rico law creates a cause of action for libel [and slander] in three separate sources:  the Constitution of the Commonwealth of Puerto Rico, the Libel and Slander Act of 1902, and Article 1802 of the Civil Code."  Díaz-Rodríguez v. Torres-Martir, 394 F. Supp. 2d 389, 392 (D.P.R. 2005).  "In order for a private figure, such as plaintiff . . . , to prove defamation under Puerto Rico law, whether

CIVIL 09-2111 (JA)                          15

it be libel (written) or slander (oral), she must prove the following: (1) that the alleged defamatory statements are false; (2) that the defamatory statements (written or spoken) were negligently made to another; and (3) that the plaintiff suffered damages." Ojeda-Rodríguez v. Zayas, 666 F. Supp. 2d 240, 254-55 (D.P.R. 2009) (citing Torres-Silva v. El Mundo, Inc., 106 D.P.R. 415, 6 P.R. Offic. Trans. 581 (1977)) (footnote omitted).  In addition to establishing these three elements, when a claim for defamation is brought pursuant to Article 1802, plaintiff must prove that there is a causal relationship between the defamatory statements and the damages suffered. See Rivera v. DHL Global Forwarding, 536 F. Supp. 2d 148, 157 (D.P.R. 2008).

Although plaintiff claims that the alleged defamatory statements were made to third parties orally and written, he does not deny that they are false.  However, even if it is assumed that said statements are in fact false there is no evidence that the defendant's conduct damaged plaintiff's reputation or honor.  As a result, since the complaint does not allege sufficient facts necessary to establish a claim for defamation under the heightened pleading standard announced in Bell Atl. Corp. v. Twombly and Ashcroft v. Iqbal, plaintiff is not entitled to the relief requested.  Plaintiff alleges only that the defendant told his parole officer and his attorneys that he was a violent person and that he suffered emotional damages as a result of the defendant's actions.  Plaintiff's factual allegations are conclusory

CIVIL 09-2111 (JA)                              16

statements that turn the defamation claim into an "unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Haley v. City of Boston</u>, 677 F. Supp. 2d 379, 385 (D. Mass. 2009) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. at 1949). Even if all reasonable inferences were made in favor of plaintiff, I cannot find the defendant liable for the misconducted alleged. Therefore, plaintiff's defamation claim must be dismissed with prejudice.

## IV.  CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is GRANTED. All of plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk is directed to enter judgment accordingly.

At San Juan, Puerto Rico, this 9th day of August, 2010.

                                        S/JUSTO ARENAS
                                        Chief United States Magistrate Judge